UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| BUFFALO HOGAN, INC., a <br> New Mexico corporation, <br> 9910 Trumbull SE #3 <br> Albuquerque, New Mexico  87123 <br><br>         Plaintiff, <br><br> v. <br><br> TERESA GREENE d/b/a Red Path <br> and d/b/a Cherokee Visions <br> 808 Dafney Drive <br> Lafayette, Louisiana  70503 <br><br>         Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Cause No.: 1:16-cv-00420 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

   Plaintiff, by its attorneys, Peacock Myers, P.C., for its Complaint against Defendant, alleges as follows:

**JURISDICTION AND VENUE**

   1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§101 et seq. (the "Copyright Act").  This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a).

   2. Defendant has engaged in acts of copyright infringement within this judicial district.

   3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a).

## THE PARTIES

4. Plaintiff, Buffalo Hogan, Inc. ("Buffalo Hogan") is a corporation organized and existing under the laws of the State of New Mexico. Buffalo Hogan's principal place of business is 9910 Trumbull SE #3, Albuquerque, New Mexico 87123.

5. Defendant Teresa Greene d/b/a Red Path and d/b/a Cherokee Visions is an individual residing in Louisiana. Defendant sells headdresses and other Native American regalia in the State of New Mexico, and throughout the United States.

6. On information and belief, Defendant's principal place of business is at 808 Dafney Drive, Lafayette, Louisiana 70503. Defendant, who does business under the names "Red Path" and "Cherokee Visions" has directed the infringing activities set forth below.

7. Buffalo Hogan, at all times relevant to the matters discussed in this Complaint, has been engaged in the design of headdresses including the products identified by the following Buffalo Hogan design names: 1) 1875 Traditional Headdress; 2) Barred Turkey Headdress; 3) Black Cloud Headdress; 4) Black Legend Headdress; 5) Chief Headdress; 6) Choctaw Headdress; 7) Desert Brown Headdress; 8) Evergreen Forest Headdress; 9) Peacock Eye Headdress; 10) Pendalton Headdress; 11) Shadow Dancer Headdress; 12) Wedding Headdress; 13) Windsong Headdress; 14) Brown Prairie Traditional Headdress; and 15) Sacred Mesa Headdress.

8. Buffalo Hogan created these new and original designs for headdresses ("Works") made of fabric, beads, feathers, etc.

9. Buffalo Hogan applied to the Register of Copyrights for a certificate of registration for the Works and the Register has issued certificates of registration for the Works, as follows:

1)      Attached hereto as Exhibit 1-A is Buffalo Hogan Copyright Registration Number VA-1-733-628, which is based on Buffalo Hogan Design "1875 Traditional Headdress". Attached hereto as Exhibit 1-B is a color copy of the Deposit submitted to the U.S. Copyright Office for same.

2)      Attached hereto as Exhibit 2-A is Buffalo Hogan Copyright Registration Number VA-1-643-189, which is based on Buffalo Hogan Design "Barred Turkey Headdress". Attached hereto as Exhibit 2-B is a color copy of the Deposit submitted to the U.S. Copyright Office for same.

3)      Attached hereto as Exhibit 3-A is Buffalo Hogan Copyright Registration Number VA-1-643-159, which is based on Buffalo Hogan Design "Black Cloud Headdress". Attached hereto as Exhibit 3-B is a color copy of the Deposit submitted to the U.S. Copyright Office for same.

4)      Attached hereto as Exhibit 4-A is Buffalo Hogan Copyright Registration Number VA-1-643-144, which is based on Buffalo Hogan Design "Black Legend Headdress". Attached hereto as Exhibit 4-B is a color copy of the Deposit submitted to the U.S. Copyright Office for same.

5)      Attached hereto as Exhibit 5-A is Buffalo Hogan Copyright Registration Number VA-1-643-173, which is based on Buffalo Hogan Design "Chief Headdress".  Attached hereto as Exhibit 5-B is a color copy of the Deposit submitted to the U.S. Copyright Office for same.

6)      Attached hereto as Exhibit 6-A is Buffalo Hogan Copyright Registration Number VA-1-643-164, which is based on Buffalo Hogan Design "Choctaw Headdress".

Attached hereto as Exhibit 6-B is a color copy of the Deposit submitted to the U.S. Copyright Office for same.

7) Attached hereto as Exhibit 7-A is Buffalo Hogan Copyright Registration Number VA-1-733-630, which is based on Buffalo Hogan Design "Desert Brown Headdress". Attached hereto as Exhibit 7-B is a color copy of the Deposit submitted to the U.S. Copyright Office for same.

8) Attached hereto as Exhibit 8-A is Buffalo Hogan Copyright Registration Number VA-1-718-943, which is based on Buffalo Hogan Design "Evergreen Forest Headdress". Attached hereto as Exhibit 8-B is a color copy of the Deposit submitted to the U.S. Copyright Office for same.

9) Attached hereto as Exhibit 9-A is Buffalo Hogan Copyright Registration Number VA-1-733-627, which is based on Buffalo Hogan Design "Peacock Eye Headdress". Attached hereto as Exhibit 9-B is a color copy of the Deposit submitted to the U.S. Copyright Office for same.

10) Attached hereto as Exhibit 10-A is Buffalo Hogan Copyright Registration Number VA-1-643-167, which is based on Buffalo Hogan Design "Pendleton Headdress". Attached hereto as Exhibit 10-B is a color copy of the Deposit submitted to the U.S. Copyright Office for same.

11) Attached hereto as Exhibit 11-A is Buffalo Hogan Copyright Registration Number VA-1-643-138, which is based on Buffalo Hogan Design "Shadow Dancer Headdress". Attached hereto as Exhibit 11-B is a color copy of the Deposit submitted to the U.S. Copyright Office for same.

12) Attached hereto as Exhibit 12-A is Buffalo Hogan Copyright Registration Number VA-1-643-162, which is based on Buffalo Hogan Design "Wedding Headdress". Attached hereto as Exhibit 12-B is a color copy of the Deposit submitted to the U.S. Copyright Office for same.

13) Attached hereto as Exhibit 13-A is Buffalo Hogan Copyright Registration Number VA-1-733-626, which is based on Buffalo Hogan Design "Windsong Headdress". Attached hereto as Exhibit 13-B is a color copy of the Deposit submitted to the U.S. Copyright Office for same.

14) Attached hereto as Exhibit 14-A is Buffalo Hogan Copyright Registration Number VA-1-733-629, which is based on Buffalo Hogan Design "Brown Prairie Traditional Headdress". Attached hereto as Exhibit 14-B is a color copy of the Deposit submitted to the U.S. Copyright Office for same.

15) Attached hereto as Exhibit 15-A is Buffalo Hogan Copyright Registration Number VA-1-643-133, which is based on Buffalo Hogan Design "Sacred Mesa Headdress". Attached hereto as Exhibit 15-B is a color copy of the Deposit submitted to the U.S. Copyright Office for same.

10. Buffalo Hogan was and still is the owner of the copyrights to the Works.

11. Defendant had access to Buffalo Hogan's Work through the advertising, catalogs and wide distribution of Buffalo Hogan's headdresses in retail stores, at trade shows, via the internet, and having associated advertising.

12. Upon information and belief, Defendant has manufactured and/or has offered to sell and/or has sold to individuals and/or companies a substantial number of knock-off or infringing copies or derivatives of Buffalo Hogan's Work ("Copies") without permission from

5

Buffalo Hogan to do so, including through the Internet websites http://www.cherokeevisions.com and http://www.red-path.org.  A screen image of the two websites as operating presently is attached as Exhibit 16.  Exhibits 1-15-C show images of the infringing works as displayed on the websites corresponding to Exhibits 1-15-A and 1-15-B having the same Exhibit numbers.  In order, Defendant's names for the infringing works are or were:  1) Golden Tear War Bonnet; 2) Spirit Eagle War Bonnet; 3) Proud Warrior War Bonnet; 4) Black Mesa Wedding Bonnet; 5) Distant Voices War Bonnet; 6) Comanche War Bonnet; 7) All Nations War Bonnet; 8) Sacred Land War Bonnet; 9) Fancy Peacock War Bonnet and Peacock War Bonnet; 10) Wind Spirit War Bonnet; 11) Cheyenne Prophet War Bonnet; 12) Ceremonial Warrior Bonnet; 13) Wild Sky War Bonnet; 14) Traditional Coyote War Bonnet or Western Plains Traditional Coyote War Bonnet; and 15) Canyon Shadows War Bonnet.

13.  Such acts of copyright infringement were knowing and willful.

14.  The Copies are of inferior quality to Buffalo Hogan's original Works and are sold at a lesser price.  The Copies damage the market for the original Works as well as Buffalo Hogan's reputation.

15.  The specific acts of copyright infringement alleged, as well as Defendant's entire course of conduct, have caused and are causing Buffalo Hogan irreparable injury and monetary damage.  By continuing to sell Copies, Defendant will continue committing copyright infringement and harming Buffalo Hogan's market and reputation.  Unless this Court restrains Defendant from committing further acts of copyright infringement, Buffalo Hogan will continue to suffer irreparable injury for which it has no adequate remedy at law.  Buffalo Hogan is entitled to an injunction restraining Defendant from further infringement as provided in 17 U.S.C. § 502.

16.     Buffalo Hogan is further entitled to recover from Defendant the actual damages it has sustained and the profits Defendant derived from sale of the unauthorized Copies or, in the alternative, statutory damages, as well as Buffalo Hogan's costs and attorney's fees, all as provided in 17 U.S.C. §§ 504 and 505.

WHEREFORE, Buffalo Hogan prays for relief as follows:

A.      That Defendant, her agents, servants, employees, and all persons acting under Defendant's permission and authority, be preliminary and permanently enjoined and restrained from infringing, in any manner, any copyrighted Work owned by Buffalo Hogan, pursuant to 17 U.S.C. § 502;

B.      That Defendant and all persons acting in concert therewith be ordered to immediately stop the sale, advertisement, and distribution of the Copies;

C.      That Defendant be directed to file with this Court and serve on Plaintiff, within ten (10) days after the service of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction.

D.      That Defendant be ordered to provide any and all of the Copies to Plaintiff for destruction; provide an accounting of all sales of the Copies by Defendant to date; identify all persons who made/imported the Copies, to include providing all residential and commercial addresses and telephone numbers of any such persons;

E.      That Defendant be ordered to provide to Plaintiff an accounting of Defendant's profits from sale of the Copies, prepared by a Certified Public Accountant;

F.      That Defendant be ordered to pay damages for copyright infringement:

i.) equivalent to those sustained by Buffalo Hogan and/or the profits of Defendant from sale of the infringing Copies pursuant to 17 U.S.C. § 504(b); or if greater

    ii.) statutory damages of $150,000 for each work infringed, pursuant to 17 U.S.C. Section 504(c)(2);

  G. That Defendant be ordered to pay costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505; and

  H. That Buffalo Hogan have such other and further relief as is just and equitable.

Dated this 10th day of May, 2016.

        PEACOCK MYERS, P.C.

        By: /s/ Jeffrey D. Myers
          /s/ Jeffrey L. Squires

          Jeffrey D. Myers
          Jeffrey L. Squires
          201 Third Street, Suite 1340
          Albuquerque, New Mexico 87102
          (505) 998-1500
          jmyers@peacocklaw.com
          jsquires@peacocklaw.com

          *Attorneys for Plaintiff*