## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| BUFFALO HOGAN, INC., a <br> New Mexico corporation, <br> 9910 Trumbull SE #3 <br> Albuquerque, New Mexico 87123 <br><br>       Plaintiff, <br><br> v. <br><br> TERESA GREENE d/b/a Red Path <br> and d/b/a Cherokee Visions <br> 808 Dafney Drive <br> Lafayette, Louisiana 70503 <br><br> and <br><br> SOUTHWESTERN TREASURES, INC. <br> 3509 Reina Dr. NE <br> Albuquerque, New Mexico 87111 <br><br>   Serve: Buddy Wheet, Registered Agent <br>      3509 Reina Dr. NE <br>      Albuquerque, New Mexico 87111 <br><br> and <br><br> PUEBLO DIRECT, INC. <br> 1511 Golf Course Rd SE <br> Suite C <br> Rio Rancho, NM 87124 <br>   Serve: Karen T. Hooks <br>      1511 Golf Course Rd SE <br>      Suite C <br>      Rio Rancho, NM 87124 <br><br> and <br><br> DAVID SINGER <br> t/a OutWest Gifts <br> 1358 West Linda Lane <br> Chandler, AZ 85224 <br><br>       Defendants. | Cause No.: 1:16-cv-00420 |

## SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, by its attorneys Peacock Myers, P.C., for its Second Amended Complaint in which it asserts claims for copyright infringement and associated wrongs against Defendants Teresa Greene, doing business as Red Path and as Cherokee Visions, Southwestern Treasures, Inc., Pueblo Direct, Inc. and David Singer, alleges as follows:

### JURISDICTION AND VENUE

1.  This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §101 et seq. (the "Copyright Act").  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a).

2.  Defendants have engaged in acts within and injuring Plaintiff in this judicial district that have caused the infringement of Plaintiff's copyrights, and accordingly this Court has jurisdiction over them in accordance with the laws and jurisdictional principles of New Mexico and of the United States.

3.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a).

### THE PARTIES

4.  Plaintiff Buffalo Hogan, Inc. ("Buffalo Hogan") is a corporation organized and existing under the laws of the State of New Mexico, having its principal place of business at the location shown in the caption of this Amended Complaint.  Buffalo Hogan creates and sells original designed Native American style headdresses in New Mexico and sells them to customers throughout the United States.

5. Defendant Teresa Greene, d/b/a Red Path and/or Cherokee Visions ("Greene") is an individual residing at the address shown in the caption of this Second Amended Complaint. Ms. Greene buys headdresses from one or more suppliers in New Mexico, including Southwestern Treasures, Inc., and sells headdresses and other Native American regalia to persons located in the State of New Mexico and throughout the United States. She maintains a principal place of business at the address shown in the caption of this Second Amended Complaint, from which she conducts business under the names Red Path and Cherokee Visions.

6. Defendant Southwestern Treasures, Inc. ("SW Treasures") is a corporation organized and existing under the laws of the State of New Mexico, having its principal place of business at the address shown in the caption of this Second Amended Complaint. SW Treasures manufactures headdresses and other Native American regalia in the State of New Mexico and sells them to customers in New Mexico and throughout the United States, including Teresa Greene.

7. Defendant Pueblo Direct, Inc. ("Pueblo Direct") is a corporation organized and existing under the laws of the State of New Mexico, having its principal place of business at the address shown in the caption of this Second Amended Complaint. On information and belief it sells headdresses and other Native American regalia to persons located in New Mexico and throughout the United States.

8. Defendant David Singer, t/a OutWest Gifts ("Singer"), has his principal place of business at the address shown in the caption of this Second Amended Complaint. On information and belief he sells headdresses and other Native American regalia to persons located in New Mexico and throughout the United States.

## BACKGROUND FACTS

9. In or around 1996 Buffalo Hogan was organized in New Mexico for the purpose of making and selling Native American style headdresses.

10. At the time it was organized Buffalo Hogan acquired certain headdresses from another, and hired employees who had experience and skills, such as sewing and assembling materials, necessary to produce new headdresses to be based on original designs it intended to create.

11. From the time it was organized, Buffalo Hogan, acting as an employee for hire and overseeing and directing its employees in the design and creation of headdresses, created a substantial number of original designs for headdresses, which it manufactured and sold, primarily through independent distributors.

12. Among the original designs of headdresses Buffalo Hogan created after its formation, which it manufactured and offered for sale, are those it identified by the following names: 1) 1875 Traditional Headdress; 2) Barred Turkey Headdress; 3) Black Cloud Headdress; 4) Black Legend Headdress; 5) Chief Headdress; 6) Choctaw Headdress; 7) Desert Brown Headdress; 8) Evergreen Forest Headdress; 9) Peacock Eye Headdress; 10) Pendalton Headdress; 11) Shadow Dancer Headdress; 12) Wedding Headdress; 13) Windsong Headdress; 14) Brown Prairie Traditional Headdress; 15) Sacred Mesa Headdress; and 16) American Heritage Traditional. These 16 headdresses will be referenced collectively herein as "The Works."

13. Buffalo Hogan applied to the Register of Copyrights for a certificate of registration for each of The Works, and the Register has issued Certificates of Registration for

each of those headdresses. Copies of the Certificates of Registration for each of The Works, as described below, are attached hereto and incorporated by reference.

1) Exhibit 1-A is Certificate of Copyright Registration Number VA-1-733-628, which is based on Buffalo Hogan Design "1875 Traditional Headdress". Exhibit 1-B is a color copy of the deposit copy of the headdress submitted to the U.S. Copyright Office for same.

2) Exhibit 2-A is Certificate of Copyright Registration Number VA-1-643-189, which is based on Buffalo Hogan Design "Barred Turkey Headdress". Exhibit 2-B is a color copy of the deposit copy of the headdress submitted to the U.S. Copyright Office for same.

3) Exhibit 3-A is Certificate of Copyright Registration Number VA-1-643-159, which is based on Buffalo Hogan Design "Black Cloud Headdress". Exhibit 3-B is a color copy of the deposit copy of the headdress submitted to the U.S. Copyright Office for same.

4) Exhibit 4-A is Certificate of Copyright Registration Number VA-1-643-144, which is based on Buffalo Hogan Design "Black Legend Headdress". Exhibit 4-B is a color copy of the deposit copy of the headdress submitted to the U.S. Copyright Office for same.

5) Exhibit 5-A is Certificate of Copyright Registration Number VA-1-643-173, which is based on Buffalo Hogan Design "Chief Headdress". Exhibit 5-B is a color copy of the deposit copy of the headdress submitted to the U.S. Copyright Office for same.

6) Exhibit 6-A is Certificate of Copyright Registration Number VA-1-643-164, which is based on Buffalo Hogan Design "Choctaw Headdress". Exhibit 6-B is a color copy of the deposit copy of the headdress submitted to the U.S. Copyright Office for same.

7) Exhibit 7-A is Certificate of Copyright Registration Number VA-1-733-630, which is based on Buffalo Hogan Design "Desert Brown Headdress". Exhibit 7-B is a color copy of the deposit copy of the headdress submitted to the U.S. Copyright Office for same.

8) Exhibit 8-A is Certificate of Copyright Registration Number VA-1-718-943, which is based on Buffalo Hogan Design "Evergreen Forest Headdress". Exhibit 8-B is a color copy of the deposit copy of the headdress submitted to the U.S. Copyright Office for same.

9) Exhibit 9-A is Certificate of Copyright Registration Number VA-1-733-627, which is based on Buffalo Hogan Design "Peacock Eye Headdress". Exhibit 9-B is a color copy of the deposit copy of the headdress submitted to the U.S. Copyright Office for same.

10) Exhibit 10-A is Certificate of Copyright Registration Number VA-1-643-167, which is based on Buffalo Hogan Design "Pendleton Headdress". Exhibit 10-B is a color copy of the deposit copy of the headdress submitted to the U.S. Copyright Office for same.

11) Exhibit 11-A is Certificate of Copyright Registration Number VA-1-643-138, which is based on Buffalo Hogan Design "Shadow Dancer Headdress". Exhibit 11-B is a color copy of the deposit copy of the headdress submitted to the U.S. Copyright Office for same.

12) Exhibit 12-A is Certificate of Copyright Registration Number VA-1-643-162, which is based on Buffalo Hogan Design "Wedding Headdress". Exhibit 12-B is a color copy of the deposit copy of the headdress submitted to the U.S. Copyright Office for same.

13) Exhibit 13-A is Certificate of Copyright Registration Number VA-1-733-626, which is based on Buffalo Hogan Design "Windsong Headdress". Exhibit 13-B is a color copy of the deposit copy of the headdress submitted to the U.S. Copyright Office for same.

14) Exhibit 14-A is Certificate of Copyright Registration Number VA-1-733-629, which is based on Buffalo Hogan Design "Brown Prairie Traditional Headdress". Exhibit 14-B is a color copy of the deposit copy of the headdress submitted to the U.S. Copyright Office for same.

15) Exhibit 15-A is Certificate of Copyright Registration Number VA-1-643-133, which is based on Buffalo Hogan Design "Sacred Mesa Headdress". Exhibit 15-B is a color copy of the deposit copy of the headdress submitted to the U.S. Copyright Office for same.

16) (Intentionally left blank).

17) Exhibit 17-A is Certificate of Copyright Registration Number VA-1-733-629, which is based on Buffalo Hogan Design "American Heritage Traditional." Exhibit 17-B is a color copy of the deposit copy submitted to the U.S. Copyright Office.

14. Sometime in or about 2007 an employee of Buffalo Hogan who had been involved in the creation of headdress designs and the fabrication of headdresses manufactured and sold by Buffalo Hogan terminated her employment with Buffalo Hogan, having accepted employment with SW Treasures, which had for many years been a customer of Buffalo Hogan. Thereafter, SW Treasures began to manufacture and sell headdresses replicating the designs of headdresses created by Buffalo Hogan, without ever asking for Buffalo Hogan's consent. From that time until the present SW Treasures has fabricated and sold headdresses using designs copied from Buffalo Hogan's copyrighted designs, including those which Buffalo Hogan has registered for copyright as set forth in paragraph 11 above and as evidenced by Exhibits 1 through 15 A and B and 17-A and -B attached hereto.

15.     SW Treasures has sold and on information and belief is selling headdresses that infringe Buffalo Hogan's copyrighted headdress designs, to and through various distributors, including Defendants Greene, Pueblo Direct, and Singer. It has done so knowing that many of the headdresses it sells are copied from designs originated by Buffalo Hogan, but consciously misrepresenting to its customers that it has the legal rights to sell these headdresses.

16.     Defendants Greene, Pueblo Direct and Singer have purchased headdresses from SW Treasures in New Mexico for sale by their businesses that infringe Buffalo Hogan's copyrights. This has continued over a period of many years. These Defendants sell those infringing headdresses to customers throughout the United States, including on information and belief to customers in New Mexico. They market their infringing headdresses by advertising over the internet and, on information and belief, by advertising in other media and/or by direct sales from their places of business.

17.     A copy of website pages in which Greene, trading as Cherokee Visions, has copied Buffalo Hogan's copyrighted designs and offered them for sale throughout the United States, including New Mexico, is attached hereto as Exhibit 16. On information and belief the other named Defendants have offered their infringing headdresses for sale by a variety of marketing materials or through websites available via the internet.

18.     Buffalo Hogan has advised all these Defendants that their reproduction and sale of headdresses incorporating designs that are original to Buffalo Hogan and which Buffalo Hogan has registered for copyright constitute violations of Buffalos Hogan's rights protected under United States Copyright laws. All these Defendants continue to copy and sell headdresses

8

incorporating Buffalo Hogan's copyrighted designs, with full knowledge that Buffalo Hogan owns the copyrights in those designs and objects to the sale of infringing copies.

## COUNT I

### (Copyright Infringement)

19. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 18 above.

20. The actions of these Defendants in copying Buffalo Hogan's copyrighted headdress designs and selling infringing copies of those designs has been done knowingly and in willful violation of Buffalo Hogan's copyrights.

21. By their unauthorized copying and sale of headdresses incorporating Buffalo Hogan's copyrighted designs, these Defendants have caused damage to Buffalo Hogan in an amount to be determined at trial.

## COUNT II

### (New Mexico Unfair Practices Act)

22. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 21 above.

23. Over a period beginning in or around 2008 up and through the present, Defendant SW Treasures has employed persons it knew had previously been employed by Plaintiff and who in the course of their employment with Buffalo Hogan had participated in designing and fabricating Native American headdresses, including some if not all of those copyrighted

headdress that are the subject of Buffalo Hogan's claims. Those persons were at all relevant times then employees for hire of Buffalo Hogan.

24. SW Treasures employed the former employees of Plaintiff for the express purpose of having them duplicate the designs of headdresses, including those copyrighted headdresses that are the subject of Plaintiff's claims, which SW Treasures then manufactured and offered for sale and sold to its customers, many of whom had previously been customers of Buffalo Hogan. SW Treasures, on information and belief, specifically instructed those former employees of Buffalo Hogan to copy and fabricate headdresses they had previously been fabricating for Buffalo Hogan, which included the headdresses that are the subject of Buffalo Hogan's claims.

25. In offering headdresses for sale that copied the copyrighted designs of Buffalo Hogan, SW Treasures told its customers that it was offering original headdresses it had the right to sell to them, when it knew the designs of many of those headdresses had been copied from designs that had been created by Buffalo Hogan and were the subject of its copyrights.

26. Buffalo Hogan's designs and its workmanship in the creation of its headdresses are of the highest quality, and the headdresses manufactured by SW Treasures and sold to its customers do not approach the quality of workmanship of the headdresses sold by Buffalo Hogan. SW Treasures intentionally leads its customers who purchase headdresses from it, to believe, falsely, that the SW Treasures headdresses are of the same quality as those created by Buffalo Hogan.

27. In its actions described above, SW Treasures engaged in unfair and deceptive trade practices with the intent to harm Buffalo Hogan in its trade or business, in violation of the New Mexico Unfair Practices Act, 1978 NMSA § 57-12-1 et seq.

28. As a result of SW Treasures' actions described above, Buffalo Hogan has lost sales and suffered both reputational and economic damage, in an amount to be determined at trial.

WHEREFORE, Buffalo Hogan prays for relief as follows:

A. That Defendants, their agents, servants and employees, be preliminary and permanently enjoined and restrained from infringing, in any manner, the designs of The Works owned by Buffalo Hogan, pursuant to 17 U.S.C. § 502;

B. That Defendants and all persons acting in concert with them be ordered to immediately stop the sale, advertisement, and distribution of the infringing copies of The Works;

C. That Defendants be directed to file with this Court and serve on Plaintiff, within ten (10) days after the service of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

D. That Defendants be ordered to provide any and all infringing copies of The Works to Plaintiff for destruction and provide an accounting of all sales of such copies by Defendants to date;

E. That Defendants be ordered to provide to Plaintiff an accurate and reliable accounting of Defendants' profits from sale of the infringing copies of The Works;

F. That Defendants be ordered to pay damages for copyright infringement equivalent to those sustained by Buffalo Hogan and/or the profits of Defendants from sale of the infringing copies pursuant to 17 U.S.C. § 504(b); or if Buffalo Hogan elects, statutory damages of up to $150,000 for each of The Works infringed, pursuant to 17 U.S.C. Section 504(c)(2);

G.   That Defendants be ordered to pay Buffalo Hogan its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505;

H.   That Defendant SW Treasures be ordered to pay Buffalo Hogan an amount equal to three times the damages proven at trial for its willful commission of unfair practices in misrepresenting its ownership of The Works and the quality of its workmanship, and to pay Buffalo Hogan its reasonable costs and attorneys' fees, pursuant to 1978 NMSA § 57-12-10; and

I.   That Buffalo Hogan have such other and further relief as is just and equitable.

PEACOCK MYERS, P.C.

By: /s/ Jeffrey L. Squires
    Jeffrey L. Squires
    201 Third Street, Suite 1340
    Albuquerque, New Mexico 87102
    (505) 998-1500
    jsquires@peacocklaw.com
    *Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| BUFFALO HOGAN, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 1:16-cv-00420 |
| | ) |
| TERESA GREENE, et al. | ) |
| | ) |
| Defendants. | ) |

### VERIFICATION

I, Teresa Kirby, here declare and state as follows:

I am the President of Buffalo Hogan, Inc. I have read the Second Amended Complaint herein to which my Verification is appended and made part. The facts stated therein are, to the best of my knowledge, true and correct, excepting only for any statements made on information and belief, which statements I believe to be true and correct.

I declare, this 23 day of November, 2016, under penalty of perjury, that the foregoing is to the best of my knowledge true and correct.

*Teresa Kirby* (signature)
Teresa Kirby

G:\A-Clients\Buffalo Hogan\LIT\Greene\Second Amended Complaint 11-21-16\Second Amended Complaint BH v Green 11-21-16.docx