IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BUFFALO HOGAN, INC.,

       Plaintiff,

v.                                      CIV 16-0420 PJK/KBM

THERESA GREENE d/b/a Red Path
and d/b/a Cherokee Visions,
SOUTHWESTERN TREASURES, INC.,
PUEBLO DIRECT, INC., and DAVID SINGER,
t/a OutWest Gifts,

       Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING SERVICE BY PUBLICATION

THIS MATTER comes before the Court on Plaintiff's Motion for Service by Publication on Defendant David Singer (*Doc. 41)* and Corrected Exhibit C *(Doc. 42)*. Having reviewed the Motion and relevant authorities, the Court finds that the Motion is not well-taken and will be denied without prejudice at this time.

### I. Background

This is a copyright infringement action brought by Plaintiff, a designer and manufacturer of Native American headdresses. *Doc. 35* (Second Amended Complaint) at ¶ 4. Plaintiff alleges that Defendant David Singer has purchased infringing headdresses from Defendant Southwest Treasures and then, in turn, sold those headdresses to customers throughout the United States. *Id.* ¶ 16.

In its Motion, Plaintiff details various efforts it has made to locate and personally serve Defendant Singer. *Doc. 41* at 1. Plaintiff first describes its efforts to discuss its allegations with Singer prior to filing its Second Amended Complaint naming him as a

defendant. *Id.* This was done by two letters, sent on November 14 and 18, 2016. *Docs. 41-1* & *41-2*. The first letter was sent via federal express to Defendant Singer's residence, but was returned undelivered. *Doc. 41-1*. Plaintiff sent a second letter via first class mail to Defendant Singer's residential address and to a purported business address. *Doc. 41-2*. Defendant Singer did not respond to these letters. *Doc. 41* at 2. While Plaintiff's letters threatened litigation, they were not attempts at service. Indeed, the Second Amended Complaint was not even filed until January 5, 2017. *See Docs. 35, 41-1* & *41-2*.

Plaintiff then employed ASAP Serve, a professional process server, to serve Defendant Singer personally. *Doc. 41* at 2. According to the affidavit of John Osborn, he attempted to personally serve Defendant at his residence four times between January 21 and 31, 2017. *Doc. 42*. Mr. Osborn avers that on these occasions there was no answer at Defendant's door, despite the fact that he could hear noises consistent with someone moving around inside the home. *Id.* Mr. Osborn further avers that he observed a pickup truck in Defendant's driveway with "OUTWEST GIFTS" printed on the doors and that one of Defendant's neighbors verified that he lives at the target residence. *Id.*

Plaintiff now moves the Court for permission to serve by publication, asserting that Defendant Singer is consciously avoiding service despite its diligent efforts to serve him personally. *Doc. 41* at 1.

**II. Analysis**

There is no express provision for service by publication under the Federal Rules of Civil Procedure. However, Rule 4(e)(1) provides that a defendant may be served by "following state law for serving a summons in an action brought in courts of general

jurisdiction in the state where the district court is located or where service is made."

Fed. R. Civ. P. 4(e)(1).

New Mexico Rule 1-004(F) requires personal service of process upon an individual and specifies various methods in which personal service may be accomplished. *See* Rule 1-004(F) NMRA. If personal service cannot reasonably be accomplished in accordance with Rule 1-004(F), then constructive service is permitted under Rule 1-004(J), which provides:

> [u]pon motion, without notice, and showing by affidavit that service cannot reasonably be made as provided by this rule, the court may order service by any method or combination of methods, *including publication*, that is reasonably calculated under all of the circumstances to apprise the defendant of the existence and pendency of the action and afford a reasonable opportunity to appear and defend.

Rule 1-004(J) NMRA (emphasis added).

While service by publication is generally limited to *in rem* or *quasi in rem* actions, the New Mexico Supreme Court has carved out an exception to this general rule "in cases where the defendant, being aware that civil action may be instituted against him, attempts to conceal himself to avoid service of process." *Clark v. LeBlanc*, 1979-NMSC-034, ¶ 7, 92 N.M. 672, 673, 593 P. 2d 1075, 1076.

> This exception is based on the fact that "[i]n  concealing himself, the defendant, by his own action, renders personal service or process impossible. This action constitutes a waiver of notice of the proceedings sought to be avoided . . . . To allow a person to escape his civil obligation by purposefully hiding himself would be to encourage deception." *Id.* **In order to permit substituted service on the basis of evasion, the Court must make a finding of fact that the defendant intentionally avoided service of process.** *Edmonds v. Martinez,* __ P.3d __, 2009 WL 2381282, at *4 (N.M. App. May 6, 2009).

*Cowan et al. v. Angelico*, et al., CIV 09-0483 JCH/LFG, *Doc. 49* at 4 (emphasis added).

The Court notes that in the *Cowan* case, Magistrate Judge Lorenzo F. Garcia denied a

motion for service by publication even where the plaintiffs "made a prima facie showing" that the defendants had "actual notice of the lawsuit" and were "intentionally avoiding service of process." *Id.* at 3. Judge Garcia specifically found that the *Cowan* plaintiffs failed to satisfy the state requirements for service by publication because: (1) they did not demonstrate by affidavit that service could not be accomplished by other available methods; and (2) they did not include with their motion a copy of the notice they proposed to publish.[1] The same rationale applies here.

Indeed, "[d]ue process prohibits the use of constructive service where it is feasible to give actual notice." *Classen v. Classen*, 1995-NMCA-022, ¶ 11, 119 N.M. 582, 585, 893 P.2d 478, 481 (citing *Clark*, 593 P.2d at 1076). Rule 1-004(F) describes several different ways personal service may be accomplished. First, a plaintiff may deliver a copy of a summons and complaint to the individual personally, or by mail or commercial courier as provided in Rule 1-004(E)(3).[2] Rule 1-004(F)(1) NMRA. If either of these means are unsuccessful, a plaintiff may "deliver a copy of the process to some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years and mailing by first class mail to the defendant and the defendant's last known mailing address a copy of the process[.]" Rule 1-004(F)(2) NMRA. Finally, if no other means is successful,

---

[1]  In addition to the showing required under Rule 1-004(J), Rule 1-004(K) states that "[a] copy of the proposed notice to be published shall be attached to the motion." Rule 1-004(K) NMRA.

[2]  Under Rule 1-004(E)(3), "[s]ervice may be made by mail or commercial courier service provided that the envelope is addressed to the named defendant and further provided that the defendant or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant signs a receipt for the envelope or package containing the summons and complaint, writ or other process. Service by mail or commercial courier service shall be complete on the date the receipt is signed as provided by this subparagraph. For the purposes of this rule 'signs' includes the electronic representation of a signature." Rule 1-004(E)(3) NMRA.

> service of process may be made by delivering a copy of the process at the actual place of business or employment of the defendant to the person apparently in charge thereof and by mailing a copy of the summons and complaint by first class mail to the defendant at the defendant's last known mailing address and at the defendant's actual place of business or employment.

Rule 1-004(F)(3) NMRA.

In determining whether to permit service by publication, District Judge Johnson held that service must be "attempted through the hierarchy of mechanisms set out under [Rule 1-004(F)]" and that a plaintiff must demonstrate "that this hierarchy was followed in detail, although the attempts were unsuccessful." *See Soto v. Vill. of Milan Police Dep't*, CIV 10-0043 WJ/ACT, Doc. 51 (Sept. 17, 2010) (citation omitted).

Clearly, Plaintiff has attempted to serve Defendant Singer personally, to no avail. Other than the affidavit of the process server, however, Plaintiff provides no information about any other attempts at service under the "hierarchy of mechanisms" available under Rule 1-004(F). Although Plaintiff has exercised due diligence and seems to have located Defendant Singer's residence, it appears that Plaintiff has attempted only to serve him personally at that location over a 10-day period. For all we know, Defendant Singer was away on a 2-week trip during those visits, and he left his radio turned on to create the impression that someone was at home.

There is no indication that Plaintiff attempted to personally serve Defendant at his place of business as permitted by Rule 1-004(F)(3). Plaintiff also has not attempted to effect service of process by mail or commercial courier as permitted by Rule 1-004(F)(1)(b). True, Plaintiff initially sent letters to Defendant prior to filing the Second Amended Complaint. Yet these mailings were not an attempt to effect service; they simply advised that litigation could ensue in the absence of a response.

### III. Conclusion

The Court finds that Plaintiff failed to attempt service by other available methods authorized by Rule 1-004(F) prior to applying to this Court to permit service by publication. The Court further finds that Plaintiff fails to demonstrate that effecting service by such other methods would be unsuccessful. Finally, Plaintiff has failed to attach to its Motion a copy of the proposed notice it seeks to publish, as required by Rule 1-004(K).

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Service by Publication on Defendant David Singer (*Doc. 41*) is denied at this time.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE