IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BUFFALO HOGAN, INC.,

    Plaintiff,

v.                                                                             CIV 16-0420 PJK/KBM

THERESA GREENE d/b/a RED PATH
and d/b/a CHEROKEE VISIONS,
SOUTHWESTERN TREASURES, INC.,
and DAVID SINGER, t/a OutWest Gifts,

    Defendants.

# **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiff's Motion to Amend Case Management Scheduling Order and to Reschedule Settlement Conference (*Doc. 69*), filed August 4, 2017, and Defendant Southwestern Treasures, Inc.'s Motion to Reopen Discovery for a Limited Purpose (*Doc. 71*), filed August 9, 2017. Having reviewed the Motions and all pertinent authority, the Court will grant them.

**I. Background**

Plaintiff, a designer and manufacturer of Native American headdresses, seeks damages and injunctive relief in this copyright infringement action. *Doc. 35* (Second Amended Complaint) at ¶ 4. Plaintiff alleges that Defendants Theresa Greene and David Singer purchased infringing headdresses from Defendant Southwest Treasures and then, in turn, sold them to customers throughout the United States. *Id.* ¶ 16. Plaintiff brings claims for copyright infringement and violation of New Mexico's Unfair Practices Act. *Id.* ¶¶ 19-28.

Defendant Greene defaulted. *See Doc. 56*. After experiencing difficulties serving Defendant Singer, Plaintiff moved this Court to permit it to serve him by publication. *See Docs. 41, 67*. The Honorable Circuit Judge Paul Kelly, sitting by designation as the presiding judge in this case, recently granted Plaintiff permission to do so on July 28, 2017. *See Doc. 68*.

Meanwhile, Plaintiff and Defendant Southwestern Treasures ("Southwestern") proceeded with and completed the discovery process, which closed on May 1, 2017. *See Doc. 25*. Pursuant to this Court's Scheduling Order, the deadline for the parties to file their consolidated proposed pretrial order is August 24, 2017. *Id.* The parties also scheduled a settlement conference, which this Court vacated for good cause on July 21, 2017. *See Docs. 57*, *65*. Contrary to assertions in the briefing, this matter is indeed set for a jury trial on January 2, 2018 before Judge Kelly. *See Doc. 28*.

Against this backdrop, the parties' current motions seek a variety of relief. Referencing its attempts to effect service to bring Defendant Singer into the lawsuit, Plaintiff asks the Court to extend the deadline to file the parties' proposed pretrial order and to reset a settlement conference. *Doc. 69* at 1-2. Defendant, on the other hand, moves the Court to reopen discovery for the limited purpose of permitting the parties "to depose Mark Gates and obtain relevant documents in his possession." *Doc. 71* at 1. Mr. Gates' testimony will purportedly demonstrate "that Plaintiff's claimed designs were actually created by others. . . ." *Id.* at 3. Thus, Defendant does not oppose Plaintiff's motion to amend the scheduling order if such amendment would permit reopening of discovery to permit a deposition of Mr. Gates. *See Doc. 70* at 1. Plaintiff opposes Defendant's Motion to Reopen Discovery. *See Doc. 75*.

**II. Analysis**

Whether to reopen discovery is within this Court's discretion. *See Smith v. United States*, 834 F.2d 166, 170 (10th Cir. 1987). In *Smith*, the Tenth Circuit "identified several relevant factors" to be applied by a Court when exercising this discretion:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Id.* at 169. Having considered these factors, the Court will reopen discovery for the limited purpose identified by Defendant.

First, trial may not be "imminent," but it is looming – it is set for January 2, 2018, and the parties' jury instructions are due to Judge Kelly by December 1, 2017. *See Doc. 28*. This leaves approximately four months for the parties to bring Defendant Singer up to speed, coordinate, set, and take Mr. Gates' deposition, engage in a settlement conference, and prepare for trial. While this schedule is workable, it is not ideal. Accordingly, this factor weighs slightly against reopening discovery.

Second, not only is the request opposed, Plaintiff has labeled it a "snipe hunt." *Doc. 75* at 3. While Defendant protests that Plaintiff's objection is "limited and not well-founded," *Doc. 71* at 4, this factor nevertheless weighs against reopening discovery.

Third, Plaintiff asserts prejudice by the mere cost of proceeding with additional discovery. *Doc. 75* at 4 (citing *Coombs v. Hamilton*, CIV 15-0898 WJ/WPL, Doc. 110 (D.N.M. Nov. 22, 2016)). The Court has reviewed the *Coombs* decision. While it undoubtedly agrees with Magistrate Judge Lynch that litigation is an expensive endeavor, the Court notes that Judge Lynch ultimately reopened discovery in the

3

*Coombs* case. *See id.* Moreover, here the Court would not order that discovery be reopened *carte blanche*, but for the limited purpose of allowing one deposition. As Defendant Southwestern notes, Mr. Gates has been cooperative, and it is unclear that a deposition will even be required. However, Defendant Southwestern has indicated that it will bear the burden and expense of obtaining additional relevant documents from Gates and provide them to Plaintiff. Accordingly, this factor weighs neither for nor against reopening discovery.

Fourth, Defendant asserts that it "only recently became aware of Mr. Gates through a vendor/supplier after the close of discovery in this case." *Doc. 71* at 1. Yet Defendant does not detail its diligence other than to offer the barebones conclusion that "discovery of this new witness was unforseeable." *Doc. 71* at 5. Plaintiff therefore protests that Defendant has "offered no facts from which the Court could conclude that it had been" diligent in obtaining discovery during the Court's deadlines. *Doc. 75* at 4. However, Mr. Gates avers that he has "not utilized a bricks (sic) and mortar-type store format for many years, nor do I operate a website." *Doc. 71-1* at 2. And, nothing in Plaintiff's discovery responses alerted Defendant Southwestern to the location of Mr. Gates and his connection to Comanche Dan's. Accordingly, the Court will give Defendant the benefit of the doubt insofar as it may have been difficult to locate Mr. Gates. Ultimately, this factor favors neither party.

Neither party adequately addresses the fifth factor – whether the additional discovery was foreseeable in light of the original discovery deadline. Plaintiff comes closest, arguing that "[i]f Mr. Gates had had (sic) any relevant evidence to offer, it could have easily been foreseen, and by his own statement he operates a website from which

4

he could have been located." *Doc. 75* at 4. However, as noted above, Mr. Gates does not operate a website. Furthermore, the parties stuck to a standard discovery track and completed discovery in less than 180 days. *See Doc. 24*. On balance, the Court finds that, while desirability of obtaining Mr. Gates' testimony was foreseeable, this factor favors reopening discovery.

Finally, the Court must consider whether Mr. Gates' deposition is likely to lead to relevant evidence. Under the Federal Rules of Evidence, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Here, (a) Mr. Gates' testimony has the tendency to make a fact – whether Plaintiff is the true designer of Plaintiff's headdresses – more or less probable than it would be without such testimony; and (b) that fact is of consequence in determining this action. Therefore, this factor weighs in favor of reopening discovery.

### III. Conclusion

On balance, the factors counsel in favor of granting Defendant's motion and reopening discovery for the limited purpose of permitting Mr. Gates' deposition. It is up to the parties whether they wish to depose Mr. Gates before or after the Court resets the settlement conference and the pretrial order deadline.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Case Management Scheduling Order and to Reschedule Settlement Conference (*Doc. 69*) and Defendant's Motion to Reopen Discovery for a Limited Purpose (*Doc. 71*) are hereby **granted**. The Court will coordinate the rescheduling of a settlement conference with the parties; a new

deadline for submission of the parties' consolidated proposed pretrial order will be set at the conclusion of the settlement conference if the parties fail to reach a negotiated resolution; and, discovery will be reopened for the limited purpose to permit a deposition of Mr. Gates.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE